## CIRCUIT COURT OF PRINCESS ANNE COUNTY

Commonwealth of Virginia

    v.

Claude Etheridge

February 2, 1960

BY JUDGE H. W. MACKENZIE, JR.

Claude Etheridge was tried upon an indictment for statutory burglary committed at Chesapeake Beach on March 29, 1959. The establishment known as "Chic's Place" was broken into and certain chattels removed therefrom. There was testimony that Etheridge was seen to arrive accompanied by two minor children and that the break-in was discovered immediately after they left. Etheridge was tried by a jury and the two children testified in behalf of the Commonwealth, but Etheridge was acquitted.

He is now charged with contributing to the delinquency of minor children under § 18-6 of the Code of Virginia, and the accused has filed a Plea of Autrefois Acquit, and the issue is now whether such plea should be sustained.

A number of cases are cited by the defendant to sustain the proposition that a test of the identity of acts or offenses is whether the same evidence is required to sustain them. This principle is correctly stated, but the facts of the cases in which it has been applied as cited by the defendant are considerably at variance with the situation that we have here.

The statute under which he is now charged makes it a misdemeanor to "send or cause any child to go into any place for an unlawful purpose," or "who shall induce, cause, encourage, or contribute toward the dependency, or neglect or delinquency of any such child." The same evidence is not necessary to support a case of statutory burglary and the offense of contributing to the delinquency of a minor within the definition of the statute. This defendant could have encouraged these children to be at the scene for an unlawful purpose without himself having committed the crime of statutory burglary. This defendant could have induced, caused, or encouraged these children to do any number of unlawful acts at the time and place in question without

himself having committed the offense of statutory burglary, and therein lies the distinction upon which his plea of former jeopardy must fall.

The motion to strike the plea is therefore sustained.